IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST CO., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:12-cv-688-MEF |
| | ) | (WO – Do not publish) |
| SAIBABA, LLC, DAHYA R. PATEL, | ) | |
| and SHEELA D. PATEL, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

On May 21, 2013, the Court held a telephonic status conference with counsel and other interested parties on the Receiver's Request for a Hearing and Motion to Approve the Sale of Real and Personal Property, which is pending before the Court. (Doc. #40.) Also pending before the Court is the Receiver's Motion to Approve Appointment of Appraisers of Real and Personal Property (Doc. #45) and Motion for Order Setting Expedited Hearing on Receiver's Motion to Approve Appointment of Appraisers of Real and Personal Property. (Doc. #46.)

Upon consideration of the motions and attached exhibits, the arguments of the parties at the telephone conference, and the applicable law, the Court finds that (1) the Receiver's Request for a Hearing and Motion to Approve the Sale of Real and Personal Property (Doc. #40) is due to be GRANTED IN PART AND DENIED IN PART with leave to refile; (2) the Receiver's Motion to Approve Appointment of Appraisers of Real and Personal Property (Doc. #45) is due to be GRANTED; and (3) the Motion for Order Setting Expedited Hearing

on Receiver's Motion to Approve Appointment of Appraiser (Doc. #46) is due to be DENIED AS MOOT.

## I. BACKGROUND

This case arises out of an unpaid Small Business Administration Note (the "Note") made by Plaintiff Branch Banking and Trust Company's ("BB&T") predecessor-in-interest by merger, Main Street Bank ("Main"), to Defendant Saibaba, LLC ("Saibaba") and jointly and severally guaranteed by Defendants Dahya R. Patel and Sheela D. Patel. The Note was secured by a mortgage on real estate being operated as a Days Inn Hotel (the "Hotel") in Montgomery County, Alabama, and other property used or intended to be used in connection with the Hotel. Upon BB&T's motion, the Court appointed Jackson Hospitality Services, Inc. ("JHS") as receiver of the property securing the Note to operate and manage the Hotel. JHS employed Mumford Company, Inc. ("Mumford") to market the Hotel for sale. Mumford's efforts have resulted in an offer from a prospective buyer, Jemi B. Patel, in the amount of $850,000.00, and a contract of sale ("Sales Contract") for the property in that amount. JHS believes that the purchase price in the Sales Contract represents the fair market value of the Hotel on the day the Sales Contract was signed. JHS notes that, other than the named parties to this action, Regions Bank and Wyndham Hotel Group/Days Inn Worldwide, Inc., which held a Days Inn franchise agreement with Saibaba, LLC, may have interests in the Hotel.

## II. DISCUSSION

The Court recognizes that 28 U.S.C. § 2001 gives it the authority to confirm a private sale of real property held in receivership, but only upon a finding that the sale will conserve the best interests of the estate. In relevant part, that statute provides:

Sale of realty generally

. . . .

(b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property . . . . No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in private sale.

The procedures outlined in this section govern the Court's authority to approve the sale of real property. *See Bollinger & Boyd Barge Serv., Inc. v. Captain Claude Bass*, 576 F.2d 595, 597 (5th Cir. 1978); *United States v. Garcia*, 474 F.2d 1202, 1204 (5th Cir. 1973); *Acadia Land Co. v. Horuff*, 110 F.2d 354, 354–55 (5th Cir. 1940).[1] Thus, according to the express language of the statute, and to aid a court's determination of what action is in the best

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

3

interest of the estate, a court must appoint three independent appraisers before confirming the private sale of real property. 28 U.S.C. § 2001(b) ("Before confirmation of any private sale, the Court shall appoint three disinterested parties to appraise such property."). The statute further requires that the terms of the proposed sale be published in a newspaper of general circulation at least ten days prior to a court's confirmation of the sale and proscribes confirmation of a sale at a price less than two-thirds of the appraised value of the property. 28 U.S.C. § 2001(b).

In its initial motion to approve the sale of the Hotel to Jemi Patel, BB&T did not direct the Court to any information regarding independent appraisals that had been conducted on the Hotel. (*See* Doc. #40.) However, in its Motion for Appointment of Appraisers (Doc. #45), JHS has provided the Court with the names, certifications, and credentials of three appraisers for the Court to appoint pursuant to 28 U.S.C. § 2001(b). (*See* Doc. #45-1.) Upon a review of the proposed appraisers' certifications, the Court is satisfied that they are qualified and disinterested persons as required by the statute, and finds that no hearing is necessary for their appointment. The Court further finds that this matter is now ready to proceed to a hearing to confirm the proposed sale of the Hotel to Jemi Patel.

### III. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED as follows:

(1) The Receiver's Request for a Hearing and Motion to Approve the Sale of Real and Personal Property (Doc. #40) is GRANTED IN PART and DENIED IN PART with leave to refile. It is granted to the extent that it requests a hearing to confirm the proposed sale.

A hearing is set for July 30, 2013, at 9:00 A.M. in Courtroom 2A, One Church Street, Montgomery, Alabama.  The motion (Doc. #40) is DENIED to the extent it requests the Court approve the private sale at this time, prior to holding the requisite hearing on the matter.

(2) The Receiver is DIRECTED to provide written notice of the sale confirmation hearing to the proposed buyer and any other interested parties at least 5 business days in advance of the hearing.

(3) The Receiver is DIRECTED to publish the terms of the sale (Doc. #40-1) in the Montgomery Advertiser in substantially the same form as presented in the exhibit entitled Notice to Parties in Interest (Doc. #40-2) at least ten days before confirmation of the private sale of the Days Inn Hotel.

(4) The Receiver's Motion to Approve Appointment of Appraisers of Real and Personal Property (Doc. #45) is GRANTED.

(5) The Receiver's Motion for Order Setting Expedited Hearing on Receiver's Motion to Approve Appointment of Appraisers of Real and Personal Property (Doc. #46) is DENIED AS MOOT.

DONE this the 27th day of June, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE